CLARK and others *v.* MARTIN and others.

(*Two suits.*)

The court retained an injunction where, on the coming in of an answer, there seemed to be some equity in the complainants claim to have the fund which was in litigation applied as prayed for which might, at the hearing, possibly, be enforced.

*July 2,*
*1844.*

*Practice.*
*Injunction.*

APPLICATION to dissolve an injunction on bill and answer. The facts producing the principle in this case appear in the opinion of the court.

Mr. *W. C. Noyes*, in support of the motion.

Mr. *Lockwood*, contra.

*January 6,*
*1845.*

THE VICE-CHANCELLOR :—The allegations of the bill on which the complainant's equity is based, are not denied, because the defendants are ignorant of the facts as stated. They are these : that on or about the seventeenth day of January, one thousand eight hundred and forty-three, or, at all events, by the twentieth of that month, the complainants bought and paid for certain drafts or bills of exchange, drawn by Franciscus, at St. Louis, on Corning & Co. and on I. T. Smith & Co. in New York, which bills or drafts were presented for acceptance about the first day of February, one thousand eight hundred and forty-three ; but were not accepted, because, intermediate the time of drawing and of their presentation, the funds of Franciscus, the drawer, in the hands of the drawees, had been attached by the defendant Martin, on process of attachment procured to be issued against Franciscus as a non-resident debtor. This attachment issued on the twenty-third day of January, one thousand eight hundred and forty-three ; and notice of it being immediately given to Corning & Co., and Smith & Co., it prevented their accepting the bills, which, but for the attachment, they would have done. It is further alleged and not denied that the debt of Franciscus to Martin, on which

the attachment issued, was contracted in the month of December, one thousand eight hundred and forty-one; that in April, one thousand eight hundred and forty-two, Franciscus presented his petition in bankruptcy, at St. Louis, in Missouri; that in June, one thousand eight hundred and forty-two, he was decreed a bankrupt; and, in June, one thousand eight hundred and forty-three, received from the court there a certificate of discharge from all the debts owing by him at the time of being declared a bankrupt, including the debt of Martin. It further appears from the bill and is not denied that the funds in the hands of Corning & Co. and Smith & Co., on which the bills were drawn in January, one thousand eight hundred and forty-three, were earned or acquired by Franciscus subsequent to his being declared a bankrupt in June, one thousand eight hundred and forty-two, and while his proceedings were going on to a discharge which he so, afterwards, obtained in June, one thousand eight hundred and forty-three.

Now, upon this state of facts, seeing that the debt to Martin has been discharged by the bankrupt proceedings, although Franciscus has taken no step to avail himself of the benefit of the discharge nor to supersede the attachment proceeding, but on the contrary has suffered it to go on even to the appointment of trustees, there seems to be some equity in the claim to have the money in question applied to the payment of the bills of exchange, which it is possible this court may enforce. I shall, therefore, retain the injunction until the hearing.

Motion to dissolve, denied.